| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

United States District Court
Southern District of Texas
FILED

JAN 2 3 2004

Michael N. Milby
Clerk of Court

AXA CORPORATE SOLUTIONS LLOYDS, §
§
§
Plaintiff, §
v. § CIVIL ACTION NO. B 03-180
§
TEX-MEX COLD STORAGE, INC., §
Defendant. §

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    The following attorneys conferred via telephone on January 22, 2004:
    David L. Treat, Counsel for Plaintiff
    Horacio L. Barrera, Counsel for Defendant

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    No known related cases.

3.  Briefly describe what this case is about.

    This is an insurance contract dispute in which Plaintiff seeks the Court's declaration relating to the Appraisal provision of the subject insurance policy as it applies to the Defendant's (i.e., the insured's) claim for roof damages. In its Petition, Plaintiff requests the Court's declaration that the subject policy authorizes the appraisers to appraise the value of the property at the time of loss and the amount of loss submitted to them and that the appraisers are not authorized to determine what caused or did not cause the damages. Plaintiff further asks the Court to order that, pursuant to the clear language of the Policy, Plaintiff has not waived any rights by any act relating to the appraisal and is not required to proceed with an appraisal before causation and the scope of the covered loss is agreed upon or determined. Plaintiff also seeks a declaration under the Policy as to the proper amount owed to Defendant for the covered roof damages.

4. Specify the allegation of federal jurisdiction.

> The Plaintiff's underwriters are individual underwriters with residency and citizenship in the State of Colorado. The Defendant is a corporation with its principal place of business in Brownsville, Texas. Thus, diversity of citizenship exists. In addition, the amount of the controversy exceeds $75,000.00, exclusive of interests and costs.

5. Name the parties who disagree and the reasons.

> The Defendant, Tex-Mex Cold Storage, Inc., disputes federal jurisdiction as it contends that Plaintiff is also a Texas corporation. The parties have agreed to mediate this matter prior to resolving the jurisdiction issue.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

> None anticipated at this time.

7. List anticipated interventions.

> None anticipated at this time.

8. Describe class-action issues.

> None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

> Initial disclosures have not been made by either party, as service was not effected until January 22, 2004 by waiver. The initial disclosures, pursuant to Rule 26(a) will be made, if needed, within 30 days after the jurisdiction issue is resolved.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).
      - Within 30 days after the jurisdiction issue is resolved.

   B. When and to whom the plaintiff anticipates it may send interrogatories.
      - To Defendant representative within 60 days after jurisdiction issue is resolved.

   C. When and to whom the defendant anticipates it may send interrogatories.
      - To Plaintiff representative within 60 days after jurisdiction issue is resolved.

    D.    Of whom and by when the plaintiff anticipates taking oral depositions.
- Within 90 - 120 days of resolution of jurisdiction issue:
    - Defendant's appointed appraiser
    - Umpire selected by appraisers
    - Defendant's public adjuster
    - Defendant's engineer
    - Defendant's representative with knowledge of roof damages
    - Defendant's representative with knowledge of roof repairs

    E.    Of whom and by when the defendant anticipates taking oral depositions.
- Within 90 - 120 days of resolution of jurisdiction issue:
    - Plaintiff's appointed appraiser
    - Umpire selected by appraisers
    - Plaintiff's engineer
    - Plaintiff's adjuster

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.
- Expert reports were provided prior to litigation.

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).
- Within 90 - 120 days of resolution of jurisdiction issue:
    - Defendant's appointed appraiser
    - Umpire selected by appraisers
    - Defendant's public adjuster
    - Defendant's engineer

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).
- Within 90 - 120 days of resolution of jurisdiction issue:
    - Plaintiff's appointed appraiser
    - Umpire selected by appraisers
    - Plaintiff's engineer

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    Within 4 - 6 months after resolution of the jurisdiction issue.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties have agreed to mediate this matter in an attempt to reach a prompt resolution of this matter prior to further litigation or proceeding with discovery. The parties are attempting to schedule the mediation for sometime during the first week of February 2004.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    See No. 14, above.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    See No. 14, above.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Defendant has no opposition to have either Magistrate resolve the dispute.

18. State whether a jury demand has been made and if it was made on time.

    No jury demand at this time.

19. Specify the number of hours it will take to present the evidence in this case.

    Two hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    There are no pending motions only the Jurisdictional issue.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    David L. Treat
    Texas Bar No. 20205300
    LINDOW & TREAT, L.L.P.
    600 Navarro, Sixth Floor
    San Antonio, Texas 78205
    (210) 227-2200 [Telephone]
    (210) 227-4602 [Facsimile]
    COUNSEL FOR PLAINTIFF

    Horacio L. Barrera
    Federal ID # 1940
    Texas Bar No. 1805800
    MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
    1201 E. Van Buren
    Brownsville, Texas 78520
    (956) 546-7159 [Telephone]
    (956) 544-0602 [Facsimile]
    COUNSEL FOR DEFENDANT

Submitted on January 23, 2004:

    LINDOW & TREAT, L.L.P.

    By: David L. Treat
         Texas Bar No. 20205300
         600 Navarro, Sixth Floor
         San Antonio, Texas 78205
         (210) 227-2200 [Telephone]
         (210) 227-4602 [Facsimile]
         COUNSEL FOR PLAINTIFF


    MARTINEZ, BARRERA Y MARTINEZ, L.L.P.

    By: Horacio L. Barrera
         Federal ID # 1940
         Texas Bar No. 1805800
         1201 E. Van Buren
         Brownsville, Texas 78520
         (956) 546-7159 [Telephone]
         (956) 544-0602 [Facsimile]
         COUNSEL FOR DEFENDANT